**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Horne, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Joseph Edlow, et al.,<br><br>　　　　　Defendants. | No. CV-26-01917-PHX-KML<br><br>**ORDER** |

Plaintiffs Michael Horne, his spouse Amanda Horne, and their two children are citizens of Australia. (Doc. 1 at 2-3.) In 2025, plaintiffs were "selected for one of the few visas available through the Diversity Visa program." (Doc. 1 at 1.) But on December 19, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued a Policy Memorandum purporting to "suspend[] processing of all applications for adjustment of status based on the Diversity Visa program." (Doc. 1 at 8.) "Diversity Visas must be used during the fiscal year for which they are granted." (Doc. 1 at 4.) Based on that limitation, plaintiffs allege that "[i]f USCIS does not change its policy and process their applications by September 30, 2026, plaintiffs will lose their chance to obtain permanent residence." (Doc. 1 at 10.)

On March 20, 2026, plaintiffs filed their complaint asserting claims under the Administrative Procedure Act. (Doc. 1.) The court issued its standard preliminary order on March 31, 2026, and plaintiffs sent a copy of that order to the Acting Civil Chief for the U.S. Attorney's Office for the District of Arizona. (Doc. 6.) On April 7, 2026, plaintiffs filed a motion for preliminary injunction. (Doc. 7.) Plaintiffs sent a copy of that motion to

the Acting Civil Chief. (Doc. 7-1.) On April 8, 2026, an Assistant United States Attorney filed a notice of appearance on behalf of defendants. (Doc. 9.) Despite filing that notice of appearance, defendants did not file an opposition to the motion for preliminary injunction.

On April 27, 2026, the court issued an order explaining the opposition to the motion for preliminary injunction was due April 21, 2026, but had not been filed. The court ordered plaintiffs to file a proposed order identifying the exact relief they are seeking. (Doc. 10.) Plaintiffs filed their proposed order on April 27, 2026. Because defense counsel had appeared, she received copies of the court's April 27 order and plaintiffs' April 27 proposed order through the electronic filing system. As of April 30, 2026, defense counsel still has not opposed the motion for preliminary injunction.

Generally, a court analyzes a request for a preliminary injunction under two slightly-different tests. First, a court must evaluate if there is a likelihood of success on the merits, if there is a likelihood of irreparable harm, whether the balance of equities tips in plaintiff's favor, and whether an injunction would be in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009). Second, a court must assess whether "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor" in addition to showing "a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Plaintiffs are entitled to relief under either test.

Beginning with likelihood of success or serious questions going to the merits, plaintiffs argue USCIS's suspension of the relevant program was "arbitrary and capricious" under the APA. (Doc. 7 at 11.) "Under that standard, a court asks not whether it agrees with the agency decision, but rather only whether the agency action was reasonable and reasonably explained." *Seven Cnty. Infrastructure Coal. v. Eagle Cnty., Colorado*, 605 U.S. 168, 180 (2025). Plaintiffs argue the action was neither reasonable nor reasonably explained because the purported crime-prevention motivation makes little sense, "USCIS did not consider any alternatives," suspension of the program "does not effectuate the purposes of the Immigration and Nationality Act," and "USCIS did not consider reliance

interests." (Doc. 7 at 11-13.) Having considered the facts and legal arguments plaintiffs make in support of these contentions, and without facts or legal arguments to the contrary from defendants, plaintiffs have shown a likelihood of success on the merits or, at the very least, serious questions going to the merits regarding their "arbitrary and capricious" claim under the APA.

Plaintiffs next argue they face irreparable harm because if their applications are not processed by September 2026, they will lose their chance at permanent residence. Losing permanent residence will undermine the viability of their business and risk family separation. (Doc. 7 at 17-18.) Again without counter-arguments in a response from defendants, the court finds plaintiffs have shown a likelihood of irreparable harm.

On the balance of equities and public interest, plaintiffs argue the public interest will be served and defendants will not be harmed by requiring USCIS "to do its job by processing plaintiffs' applications." (Doc. 7 at 19.) Defendants' decision to not oppose the motion again supports plaintiffs' position.

Plaintiffs are entitled to a preliminary injunction. Bond is not appropriate. It appears granting preliminary injunction may provide all the relief plaintiffs seek in this suit. In these circumstances, the court is inclined to consolidate the preliminary injunction with the merits. Fed. R. Civ. P. 65(a)(2). The parties may file their positions regarding consolidation. If defendants do not oppose consolidation, they need not file any statement. In that situation, the court will proceed to entry of final judgment.

**IT IS ORDERED** the Motion for Preliminary Injunction (Doc. 7) is **GRANTED**. Defendants are hereby enjoined from applying the Diversity Visa Suspension Policy to plaintiffs. Defendants shall make all reasonable efforts to adjudicate plaintiffs' applications for adjustment of status and related benefits within 30 days of this order. If defendants are unable to meet this deadline and believe the circumstances warrant an extension, the parties shall file a joint status report within 30 days expressing their positions on an extension, and the parties shall file joint status reports every 30 days thereafter until the applications are adjudicated.

**IT IS FURTHER ORDERED** plaintiffs shall file proof of service of the summons and complaint as soon as practicable.

**IT IS FURTHER ORDERED** no later than **May 15, 2026**, the parties shall file statements regarding consolidating the preliminary injunction with the merits. If defendants do not file anything by that date, the court will proceed to entry of final judgment.

Dated this 30th day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge